UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DALAEJA FOREMAN and BRYANT ARACENA,

                              Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY,
MTA P.O. RYAN McHALE, MTA P.O. JOSEPH
CASALE, MTA P.O. C. DOHERTY, MTA SGT. CARL
SULLIVAN, MTA SGT. "JOHN" BURDI, MTA LT.
"JOHN" PERRAULT, THE CITY OF NEW YORK, and
NYPD P.O.s JOHN and JANE DOE #1-10, individually
and in their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

21 Civ. 3774

**JURY TRIAL DEMANDED**

       Plaintiffs DALAEJA FOREMAN and BRYANT ARACENA, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law tort claims.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DALAEJA FOREMAN is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff BRYANT ARACENA is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") was and is a public authority duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant METROPOLITAN TRANSPORTATION AUTHORITY maintains a police department whose members are employees of defendant METROPOLITAN TRANSPORTATION AUTHORITY.

10. That at all times hereinafter mentioned, the individually named defendants MTA P.O. RYAN McHALE, MTA P.O. JOSEPH CASALE, MTA P.O. C. DOHERTY, MTA SGT. CARL SULLIVAN, MTA SGT. "JOHN" BURDI, and MTA LT. "JOHN" PERRAULT ("individual MTA defendants") were police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the individual MTA defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the individual MTA defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

13. Each and all of the acts of the individual MTA defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

14. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

16. That at all times hereinafter mentioned, the individually named defendants NYPD P.O.s JOHN and JANE DOE #1-10 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

17. That at all times hereinafter mentioned the NYPD defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official

rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

19. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

20. On January 31, 2020, at approximately 5:00 p.m., plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were lawfully present in Grand Central Terminal, in the County, City, and State of New York.

21. At aforesaid time and place, plaintiff DALAEJA FOREMAN was participating in protected, lawful First Amendment activity.

22. At aforesaid time and place, plaintiff BRYANT ARACENA was not participating in First Amendment activity but, upon information and belief, defendants perceived him as doing so.

23. Defendants brutally assaulted plaintiffs DALAEJA FOREMAN and BRYANT ARACENA without justification or provocation.

24. As a result of defendants' actions, plaintiff DALAEJA FOREMAN sustained injuries to, *inter alia*, her neck, ribs, back, arms, and legs.

25. As a result of defendants' actions, plaintiff BRYANT ARACENA sustained injuries to, *inter alia*, his head and face.

26. Defendants handcuffed plaintiffs DALAEJA FOREMAN and BRYANT ARACENA and placed them under arrest, despite defendants' knowledge that they lacked probable cause to do so.

27. Defendants deliberately handcuffed plaintiff DALAEJA FOREMAN more tightly and violently than is authorized or required by proper law enforcement procedure.

28. Plaintiff DALAEJA FOREMAN advised defendants that the handcuffs were hurting her, but defendants did not loosen them.

29. As a result of the too-tight handcuffs, plaintiff DALAEJA FOREMAN sustained injuries to her wrists.

30. Defendants assaulted and arrested plaintiffs DALAEJA FOREMAN and BRYANT ARACENA on account of their race, while treating similarly-situated white individuals entirely differently.

31. Defendants assaulted and arrested plaintiffs DALAEJA FOREMAN and BRYANT ARACENA because they perceived them to be participating in protected First Amendment activities.

32. Defendants put plaintiffs DALAEJA FOREMAN and BRYANT ARACENA on a bus located just outside Grand Central Terminal, where they remained for approximately four hours.

33. While on the bus, plaintiff BRYANT ARACENA repeatedly requested medical attention for his injuries, but his requests were ignored for several hours.

34. Defendants eventually brought plaintiffs DALAEJA FOREMAN and BRYANT ARACENA back into Grand Central Terminal and placed them in cells.

35. Plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were held and detained in custody for approximately eight hours before being released with Desk Appearance Tickets.

36. As a result of the foregoing, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA sustained, *inter alia*, physical injury, loss of liberty, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiffs DALAEJA FOREMAN and BRYANT ARACENA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of their departments, all under the supervision of ranking officers of said departments.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

45. As a result of the foregoing, the liberty of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA was restricted for an extended period of time, they were put in fear for their safety, their reputations were damaged, and they were humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

48. As a result of the aforementioned conduct of defendants, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## FIRST AMENDMENT OF THE U.S. CONSTITUTION UNDER 42 U.S.C. § 1983

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The arrest, detention, and brutalization of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were intended to, and did, chill plaintiffs' right to assemble peaceably.

51.     The arrest, detention, and brutalization of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were intended to, and did, chill plaintiffs' right to free speech.

52.     The arrest, detention, and brutalization of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were intended to, and did, chill plaintiffs' right to petition the government for a redress of grievances.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE
## UNDER 42 U.S.C. § 1983

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants created false evidence against plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

55.     Defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

56.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

57.     In creating and forwarding false information to prosecutors, defendants deprived plaintiffs DALAEJA FOREMAN and BRYANT ARACENA of due process and violated their

constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were targeted for excessive force and arrest on the basis of their race.

60. Similarly situated white individuals present at the same locations at the same times were not targeted for excessive force and arrest.

61. In targeting plaintiffs DALAEJA FOREMAN and BRYANT ARACENA for excessive force and arrest, defendants violated plaintiffs' right to equal protection and deprived them of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

62. As a result of the foregoing, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were subjected to excessive force and were arrested.

### SEVENTH CLAIM FOR RELIEF
### DENIAL OF MEDICAL CARE

63. Plaintiff BRYANT ARACENA repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants were aware that plaintiff BRYANT ARACENA had serious medical needs that required immediate medical treatment.

65. Despite such knowledge, defendants failed to provide prompt medical treatment to plaintiff BRYANT ARACENA.

66. In denying prompt medical treatment to plaintiff BRYANT ARACENA, defendants acted unlawfully, unreasonably, and with deliberate indifference to plaintiff's serious medical needs.

**EIGHTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

67. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Each and every individual defendant had an affirmative duty to intervene on behalf of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA to prevent the violation of their constitutional rights.

69. The individual defendants failed to intervene on behalf of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

70. As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional rights were violated.

**NINTH CLAIM FOR RELIEF**
**CONSPIRACY UNDER 42 U.S.C. § 1983**

71. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiffs DALAEJA FOREMAN and BRYANT ARACENA of their constitutional rights.

73.     In participating in the assault on and false arrest of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA, defendants committed overt acts in furtherance of the conspiracy.

74.     As a result of the foregoing, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA sustained, *inter alia*, loss of liberty, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of their constitutional rights.

## TENTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1985

75.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiffs DALAEJA FOREMAN and BRYANT ARACENA of their constitutional right to equal protection under the law.

77.     In participating in the assault on and false arrest of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA, defendants committed overt acts in furtherance of the conspiracy.

78.     Defendants' actions were motivated by racial and/or ethnic animus.

79.     As a result of the foregoing, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA sustained, *inter alia*, loss of liberty, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of their constitutional rights.

**ELEVENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

80. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants arrested, incarcerated, and assaulted plaintiffs DALAEJA FOREMAN and BRYANT ARACENA in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests, incarcerations, and assaults would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

82. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

83. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of their departments, all under the supervision of ranking officers of said departments.

84. The aforementioned customs, policies, usages, practices, procedures and rules of said departments include, but are not limited to, falsely arresting and/or using excessive force against individuals who are participating or are perceived to be participating in First Amendment protest activities.

85. The existence of the aforesaid customs and practices may be inferred from repeated occurrences of similar wrongful conduct, as documented in thousands of claims arising from, *inter alia*, demonstrations in 2003 against the war in Iraq and in 2004 against the Republican National Convention; Critical Mass bicycle rides; activities connected with Occupy Wall Street; and protests following the police murder of George Floyd.

86. The foregoing customs, policies, usages, practices, procedures and rules constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

87. The foregoing customs, policies, usages, practices, procedures and rules were the direct and proximate cause of the constitutional violations suffered by plaintiffs DALAEJA FOREMAN and BRYANT ARACENA as alleged herein.

88. The foregoing customs, policies, usages, practices, procedures and rules were the moving force behind the constitutional violations suffered by plaintiffs DALAEJA FOREMAN and BRYANT ARACENA as alleged herein.

89. As a result of the foregoing customs, policies, usages, practices, procedures and rules, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were falsely arrested, incarcerated, and assaulted.

90. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

91. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the constitutional rights of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

92. All of the foregoing acts by defendants deprived plaintiffs DALAEJA FOREMAN and BRYANT ARACENA of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

   C. Not to have excessive force imposed upon them;

   D. Not to be denied prompt medical attention;

   E. To engage in protected First Amendment activities;

   F. Not to have cruel and unusual punishment imposed upon them; and

   G. To receive equal protection and due process under the law.

  93. As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00), jointly and severally.

## **PENDANT STATE CLAIMS**

  94. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

  95. On or about April 17, 2020, and within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to, and filed with the City of New York and the MTA, Notices of Claim setting forth all facts and information required under General Municipal Law § 50-e.

  96. The City of New York and the MTA have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

  97. The City of New York demanded hearings pursuant to General Municipal Law § 50-h and said hearings were conducted on October 15, 2020.

  98. The MTA waived its right to hold hearings pursuant to General Municipal Law § 50-h.

99. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

100. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

101. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendant police officers arrested plaintiffs DALAEJA FOREMAN and BRYANT ARACENA in the absence of probable cause and without a warrant.

104. As a result of the aforesaid conduct by defendants, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants.

105. The aforesaid actions by the defendants constituted a deprivation of the rights of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. As a result of the foregoing, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were falsely imprisoned, their liberty was restricted for an extended period of time,

they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

108. Plaintiffs DALAEJA FOREMAN and BRYANT ARACENA were conscious of said confinement and did not consent to same.

109. The confinement of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA was without probable cause and was not otherwise privileged.

110. As a result of the aforementioned conduct, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, and damage to reputation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

111. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Defendants' aforementioned actions placed plaintiffs DALAEJA FOREMAN and BRYANT ARACENA in apprehension of imminent harmful and offensive bodily contact.

113. As a result of defendants' conduct, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

114. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Defendant police officers touched plaintiffs DALAEJA FOREMAN and BRYANT ARACENA in a harmful and offensive manner.

116. Defendant police officers did so without privilege or consent from plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

117. As a result of defendants' conduct, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

120. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

121. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

122. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

123. As a result of the aforementioned conduct, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA suffered physical injury and severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

124. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

126. The aforementioned conduct was negligent and caused severe emotional distress to plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

127. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

128. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

129. As a result of the aforementioned conduct, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA suffered physical injury and severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

130. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131. Upon information and belief, defendants City of New York and MTA failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of and assaults upon plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

132. Defendants City of New York and MTA knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

133. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134. Upon information and belief, defendants City of New York and failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault upon and arrest of plaintiffs DALAEJA FOREMAN and BRYANT ARACENA.

135. As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00), jointly and severally.

**WHEREFORE**, plaintiffs DALAEJA FOREMAN and BRYANT ARACENA each demand judgment against all defendants, jointly and severally, in the sum of one million dollars ($1,000,000.00) in compensatory damages and against the individual defendants, jointly and severally, in the sum of one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         April 28, 2021

                                             _____/s_____
                                             ROSE M. WEBER (RW 0515)
                                             30 Vesey Street, Suite 1801
                                             New York, NY 10007
                                             (917) 415-5363
                                             rose_weber@juno.com