

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**QIANA SMITH-WILLIAMS**
*Senior Counsel*
Phone: (212) 356-2360
Fax: (212) 356-3509
qwilliam@law.nyc.gov

August 5, 2021

**BY ECF**
Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Dalaeja Foreman, et al. v. Metropolitan Transportation Authority, et al.,
      21 Civ. 3774 (NRB) (SLC)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendant City of New York in the above-referenced action. Defendant City writes in accordance with Your Honor's Individual Rules of Practice to respectfully request that the Court schedule a pre-motion conference to discuss its contemplated motion to dismiss Plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

  I. Allegations in the Complaint

  According to the complaint, on January 31, 2020, Dalaeja Foreman and Bryant Aracena ("Plaintiffs"), were falsely arrested at Grand Central Terminal – at the time, the former was engaged in First Amendment activities while the latter was not. Plaintiffs blanketly allege that "defendants"—which includes six named Metropolitan Transportation Authority ("MTA") police officers and John and Jane Doe New York City Police Department ("NYPD") officers—assaulted and arrested Plaintiffs based on their race and their exercise of their First Amendment rights. Plaintiffs further allege that they sustained injuries as a result of the "defendants'" use of force and that their requests for medical attention were denied. Plaintiffs allege they remained in MTA custody in and around Grand Central Terminal for approximately eight hours before they were released with Desk Appearance Tickets.

  II. Argument:

    a. Plaintiffs Fail to Allege a Viable Monell Claim

  To hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, a plaintiff must establish that the municipality itself was somehow at fault. See Monell v. Dep't of

Social Services, 436 U.S. 658, 690-91 (1978). "To bring a municipal liability claim, first, the plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries. . . . [s]econd, the plaintiff must establish a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).

      Here, Plaintiffs allege that there was a practice of "falsely arresting and/or using excessive force against individuals who are participating or are perceived to be participating in First Amendment protest activities." Compl. p. 12. The only allegation underpinning the purported practice is that "repeated occurrences of similar wrongful conduct, as documented in thousands of claims arising from, *inter alia*, demonstrations in 2003 against the war in Iraq and in 2004 against the Republican National Convention; Critical Mass bicycle rides; activities connected with Occupy Wall Street; and protests following the police murder of George Floyd." Id. Pointing out the existence of "thousands of claims" and "repeated occurrences of . . . wrongful conduct" without providing a basis or substantiation for such allegations is impermissibly vague and conclusory. See McLennon v. City of New York, 171 F. Supp. 3d 69, 96 (E.D.N.Y. 2016) (noting that plaintiff's allegation "that there have been 'hundreds' of other unlawful stops pursuant to similar checkpoints" was conclusory). Further, Plaintiffs have neither alleged how the "thousands of claims" and "repeated occurrences of . . . wrongful conduct" are like the facts here nor alleged that any of the purported claims ended in admissions or findings of liability. See White v. City of New York, 206 F. Supp. 3d 920, 938 (S.D.N.Y. 2016) (concluding that plaintiff's Monell claim fails because the incidents alleged involve a range of conduct and "none have resulted in an admission or finding of liability"). Moreover, because the complaint simply lumps together both identified MTA officers and purported John Doe NYPD officers, Defendant City cannot to assess whether the purported municipal practice is based on conduct undertaken by MTA officers versus NYPD officers.[1]

      Finally, the complaint fails to articulate the prerequisite constitutional violation necessary to set forth a Monell claim, primarily because Plaintiffs have not established the personal involvement of any NYPD officer. Instead, the complaint refers to "defendants" generally. However, lumping the defendants together without specifically differentiating which defendant was involved in the alleged unlawful conduct fails to meet the notice requirement of Fed. R. Civ. P. 8 and is impermissible group pleading under §1983. See Atuahene v. City of Hartford, 10 Fed. App'x 33, 34 (2d Cir. 2001) (summary order) (affirming the dismissal of the complaint because plaintiff lumped the defendants together and failed to identify which defendants were responsible for the alleged conduct); Bouche v. City of Mount Vernon, No. 11 Civ. 5246 (SAS), 2012 U.S. Dist. LEXIS 40246, at *25 (S.D.N.Y. Mar. 23, 2012) (granting the motion to dismiss as to the failure to intervene claim because plaintiff referred to the "defendants in the collective, never identifying which defendants were responsible for specific actions").

---

[1] "The MTA and the City of New York are separate and distinct municipal entities for § 1983 purposes." Price v. City of New York, No. 15 Civ. 5871 (KPF), 2018 U.S. Dist. LEXIS 105815, *60 (S.D.N.Y. June 25, 2018). As such, MTA officers do not act on behalf of Defendant City and liability cannot be ascribed to the City based on conduct of MTA officers.

      b.   The *Respondeat Superior* Claim Fails Because Plaintiffs Fail to Give Fair Notice

"Under the doctrine of *respondeat superior*, an employer may be liable when [its] employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment, and the employee is acting in the scope of his employment." House v. City of New York, No. 18 Civ. 6693 (PAE) (KNF), 2020 U.S. Dist. LEXIS 220508, at *62 (S.D.N.Y. Nov. 24, 2020). "Where a plaintiff does not know the name of a defendant, the plaintiff may identify the defendant in the pleading as John or Jane Doe. However, the pleading must still satisfy the rules governing . . . group pleading as to the John or Jane Doe defendant." Lapietra v. City of Albany Police Dep't, No. 19-CV-1527 (TJM) (TWD), 2020 U.S. Dist. LEXIS, at *21-*22 (N.D.N.Y. Oct. 5, 2020).

Here, Plaintiffs engage in impermissible group pleading. Besides the few "paragraphs that state where the[] defendants reside and where they are employed, . . . [Defendant City and the NYPD defendants] are not mentioned [specifically] anywhere in the Complaint." Thomas v. Venditto, 925 F. Supp. 2d 352, 363 (E.D.N.Y. Feb. 21, 2013). Instead, Plaintiffs blanketly lump together the MTA, MTA officers, NYPD officers, and Defendant City as the all-encompassing "defendants"—the epitome of impermissible group pleading.[2] See Principia Partners LLC v. Swap Fin. Group, 144 N.Y.S.3d 338, 339 (N.Y. App. Div. 2021) (affirming dismissal because, in part, plaintiff engaged in improper group pleading by failing to distinguish between the defendants).

For the foregoing reasons, Defendant City respectfully requests that the Court schedule a pre-motion conference to discuss its contemplated motion to dismiss Plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Thank you for your attention to this matter.

                                                                       Sincerely,

                                                          *Qiana Smith-Williams*

                                                          Qiana Smith-Williams[3]
                                                          *Senior Counsel*

cc:      All Counsel (VIA ECF)

---

[2] Plaintiffs' group pleading is particularly significant in light of representations by Plaintiffs about the John and Jane Doe defendants' involvement or lack thereof. On July 20 and 21, 2021, in response to a request for more time to answer and an executed unsealing release, Plaintiffs noted that neither appeared necessary since no arrests were made by NYPD officers. Thereafter, on July 28, 2021, Plaintiffs concluded that because "MTA paperwork shows that NYPD officers were *present* during this incident" they, therefore, "*potentially* participated in these assaults/arrest." After Defendant City notified Plaintiffs of its intention to move to dismiss the complaint, Plaintiffs indicated that the same "MTA paperwork" includes a statement that *someone* "witnessed the defendant being taken to the ground by multiple other MTAPD/NYPD/NYSP officers to be handcuffed." Plaintiffs' representations make it clear that there is no good faith basis to proceed with an action against the City or any NYPD officers at this juncture and Plaintiffs intend to use discovery as a fishing expedition to ascertain whether a claim, in fact, exists. See Hughes v. Lasalle Bank, N.A., No. 02 Civ. 6384 (MBM) (HBP), 2004 U.S. Dist. LEXIS 3403, at *4 (S.D.N.Y. Mar. 4, 2004) ("A litigant may not use discovery to determine whether there is a cause of action.").

[3] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently awaiting admission. Mr. Davison is handling this matter under my supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.