# ROSE M. WEBER
ATTORNEY AT LAW
30 VESEY STREET • SUITE 1801
NEW YORK, NEW YORK 10007

(917) 415-5363

August 10, 2021

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY10007

    Re:    *Dalaeja Foreman & Bryant Aracena v. Metropolitan Transportation Authority, et al.*, 21 Civ. 3774 (NRB)

Your Honor:

    Plaintiffs write in response to the pre-motion conference letter submitted by defendant City of New York on August 5, 2021. Plaintiffs maintain that a conference is not necessary, given that defendant City's arguments for dismissal of the complaint are futile.

<u>Plaintiffs have properly stated a *Monell* claim</u>

    Defendant City first argues that plaintiff's *Monell* claim is conclusory. In the case defendant cites however (*McLennon v. City of New York*, 171 F. Supp. 3d 69 (E.D.N.Y. 2016), a putative class action), the court faulted the plaintiffs not for relying upon "hundreds of other unlawful stops," but rather for not providing a citation for that fact. *Id.* at 96 n.8. In the instant matter, defendant City cannot dispute that thousands of claims have been made against NYPD for its unconstitutional policing of demonstrations (or, for that matter, that tens of millions of dollars have been paid out as settlements and jury verdicts). Still, if the Court so directs, plaintiffs will of course plead additional facts concerning the other demonstrations.

    Defendant City next maintains that plaintiffs have not explained how the thousands of other claims are similar to the facts herein. As defense counsel is well aware, given our discussions, the claims herein arise from the FTP3 demonstrations, and so this contention is disingenuous. Nonetheless, here again, should the Court so direct, plaintiffs will add that fact to the complaint.

    Defendant City also argues that plaintiffs have not pled that the thousands of other claims "ended in admissions or findings of liability." That argument, however, was directly addressed and rejected in *Ricciuti v. New York City Transit Authority*, 941 F.2d 119 (2d Cir. 1991). In *Ricciuti*, the district court had denied leave to file an amended complaint on the ground that the

proposed *Monell* claim was futile because it relied upon a "series of prior incidents . . . cover[ing] a period of 15 years, in some cases refer[ring] only to accusations not findings, and aris[ing] out of a series of differing factual backgrounds." *Id.* at 122.  The Second Circuit reversed, finding that the allegations "were more than sufficient." *Id.* at 124.  Relying on *Fiacco v. City of Rensselaer*, 783 F.2d 319 (2d Cir. 1986), the Court wrote, "The inference that a policy existed may . . . be drawn from circumstantial proof, such as evidence that the municipality . . . had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had [violated] the complainants' civil rights." *Id.* at 123.

Also highly instructive is *Lynch v. City of New York*, No. 16 Civ. 7355, 2018 WL 1750078 (S.D.N.Y. Mar. 27, 2018), where Judge Preska granted the City's motion to dismiss the plaintiff's *Monell* claim because "citation to various lawsuits is not probative of the existence of an underlying policy" and because "the Court agrees with the City that the litany of other police-misconduct cases is insufficient to make a plausible case for Monell liability, particularly when the cases involve something less (settlements without admissions of liability and unproven allegations) than evidence of misconduct."  The Second Circuit reversed and remanded, noting that the cases on which Judge Preska relied for those propositions were "inapt . . . because they dealt with motions for summary judgment and proffers of proof, not with motions under Rules 12(b)(6) or 12(c)." *Lynch v. City of New York*, 952 F.3d 67, 82 (2d Cir. 2020).

Tellingly, in the face of two Second Circuit cases belying its position, defendant City cites only a single district court case (*White v. City of New York*, 206 F. Supp. 3d 920 (S.D.N.Y. 2016)), and proceeds to mischaracterize its holding.  Contrary to defendant's parenthetical, Judge Wood dismissed the *Monell* claim explicitly because the plaintiff had cited only six other incidents over a five-year period. *Id.* at 938.

## "Group pleading" is unavoidable at this stage of the litigation[1]

This matter arises from a very chaotic situation in the middle of Grand Central Terminal in the middle of rush hour, in which (according to MTA paperwork) officers from the MTA, NYPD, the State Police, and DHS were all involved.  At this point in the litigation, it is not reasonable to expect plaintiffs to be able to state with any certainty what specific roles NYPD officers played.  We know that they were involved and we know (again according to MTA paperwork) that NYPD officers participated in taking plaintiff Aracena to the ground.  As discovery progresses, plaintiffs anticipate that they will be able to plead the roles of various individual defendants with greater particularity.

Contrary to defendant City's position, this is neither impermissible group pleading nor is it a fishing expedition.  Here yet again, the cases cited by defendant are inapposite and do not support its position.  Specifically:

- In *Atuahene v. City of Hartford*, No. 3:99 CV 631, 2000 WL 433956 (D. Conn. Apr. 18, 2000), the *pro se* plaintiff was allowed to amend "[b]ecause of the lengthy rambling and

---

[1] For some reason, defendant City has divided what is essentially the same argument between its *Monell* section and a section nominally concerning *respondeat superior* that does not, in fact, seem to have anything to do with that concept.  For the Court's convenience, plaintiffs will address the argument in its entirety here.

redundancy of [his] claims." The amended complaint, however, "increased the length and repetition of the original complaint," and was then dismissed based on "plaintiff's refusal to file a coherent, understandable complaint."

- It is difficult to tell what transpired in *Bouche v. City of Mount Vernon*, No. 11 CIV. 5246, 2012 WL 987592 (S.D.N.Y. Mar. 23, 2012), but it appears that the plaintiff knew which defendant did what but nonetheless impermissibly grouped them together in his "failure to intervene" claim. That is not the case in the instant matter, where plaintiffs are as of yet unable to determine precisely who did what.

- *LaPietra v. City of Albany Police Dep't*, No. 919 CV 1527, 2020 WL 5891888 (N.D.N.Y. Oct. 5, 2020), involved a "rambling, disjointed" 259-page *pro se* complaint naming, *inter alia*, "Unknown Officers" as defendants. Far from supporting defendant City's position, this case merely sets forth the unremarkable proposition that unidentified officers must be denominated as John Does, with as much identifying information as is currently available.

- In *Thomas v. Venditto*, 925 F. Supp. 2d 352 (E.D.N.Y. 2013), the court does find it insufficient to plead a claim against "all defendants." But Judge Seybert relies entirely on a footnote in *Bertuglia v. City of New York*, 839 F. Supp. 2d 703 (S.D.N.Y. 2012). That footnote, however, explicitly states that it is improper to combine "primary" defendants and supervisory defendants because the two groups are not similarly situated.

- *Principia Partners LLC v. Swap Fin. Grp., LLC*, 144 N.Y.S.3d 338 (2021), is a veil-piercing case, and had counsel taken the time to read the opinion below, he would know that such cases are subject to "a more stringent standard of pleading" in which the claims "must be pleaded with particularity." The case has no applicability here, where notice pleading applies.

- *Hughes v. LaSalle Bank, N.A.*, No. 02 CIV. 6384, 2004 WL 414828 (S.D.N.Y. Mar. 4, 2004), is a putative class action in which the court denied discovery that went beyond the scope of the complaint. In the instant matter, plaintiffs will seek discovery not to determine whether there is a cause of action (they know that several exist, and they have pled them) but rather to determine who was responsible for the constitutional injuries they suffered.

In sum, plaintiffs have adequately pled a *Monell* claim and they have identified NYPD's involvement in this matter as best they are able at this point. There is no question that NYPD was involved in the assault on plaintiff Aracena, and it is at least plausible that NYPD also participated in plaintiff Foreman's arrest and assault. For those reasons, plaintiffs respectfully request that no conference be held, but rather that this matter proceed to discovery so that plaintiffs can refine the complaint in the future, when they have the necessary information to do so.

Thank you for your consideration in this matter.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc:   Aaron Davison, Esq. (by ECF)
      Helene Hechtkopf, Esq. (by email)