UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DALAEJA FOREMAN AND BRYANT ARACENA,

                        Plaintiffs,

              -against-

METROPOLITAN TRANSPORTATION AUTHORITY, MTA P.O. RYAN MCHALE, MTA P.O. JOSEPH CASALE, MTA P.O. CONOR DOHERTY, MTA LT. CARL SULLIVAN, MTA SGT. RYAN BURDI, MTA CAPT. ADAM PERRAULT, THE CITY OF NEW YORK, AND NYPD P.O.S JOHN AND JANE DOES #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

21 Civ. 3774 (NRB)

**JURY TRIAL DEMANDED**

        Defendant City of New York, by its attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, as and for its answer to Plaintiffs' amended complaint, dated September 1, 2021 (the "amended complaint"), respectfully alleges, upon information and belief, the following:

1.     Denies the allegations set forth in paragraph 1 of the amended complaint, except admits only that Plaintiffs purports to proceed as stated therein.

2.     Denies the allegations set forth in paragraph 2 of the amended complaint, except admits only that Plaintiffs purport to proceed as stated therein.

3.     Denies the allegations set forth in paragraph 3 of the amended complaint, except admits only that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4.     Denies the allegations set forth in paragraph 4 of the amended complaint, except admits only that Plaintiffs purport to base venue as stated therein.

5. Paragraph 5 of the amended complaint does not set forth an averment of fact to which a response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the amended complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the amended complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the amended complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the amended complaint.

14. Denies the allegations set forth in paragraph 14 of the amended complaint, except admits only that Defendant City of New York is a municipal entity organized under the laws of the State of New York.

15. Denies the allegations set forth in paragraph 15 of the amended complaint, except admits only that Defendant City of New York is a municipal entity organized under the laws of

the State of New York and that it maintains a police department. Further, Defendant respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD").

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the amended complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the amended complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the amended complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the amended complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the amended complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the amended complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the amended complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the amended complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the amended complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the amended complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the amended complaint.

43. Denies the allegations set forth in paragraph 43 of the amended complaint.

44. Denies the allegations set forth in paragraph 44 of the amended complaint.

45. Denies the allegations set forth in paragraph 45 of the amended complaint.

46. Denies the allegations set forth in paragraph 46 of the amended complaint.

47. Denies the allegations set forth in paragraph 47 of the amended complaint.

48. Denies the allegations set forth in paragraph 48 of the amended complaint.

49. Denies the allegations set forth in paragraph 49 of the amended complaint.

50. Denies the allegations set forth in paragraph 50 of the amended complaint.

51. Paragraph 51 of the amended complaint does not set forth an averment of fact to which a response is required.

52. Paragraph 52 of the amended complaint does not set forth an averment of fact to which a response is required.

53. Denies the allegations set forth in paragraph 53 of the amended complaint.

54. Denies the allegations set forth in paragraph 54 of the amended complaint.

55. In response to the allegations set forth in paragraph 55 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

56. Paragraph 56 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

57. Paragraph 57 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

58. Paragraph 58 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

59. Paragraph 59 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

60. Paragraph 60 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

61. In response to the allegations set forth in paragraph 61 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

62. Denies the allegations set forth in paragraph 62 of the amended complaint.

63. Denies the allegations set forth in paragraph 63 of the amended complaint.

64. In response to the allegations set forth in paragraph 64 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65. Paragraph 65 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

66. Paragraph 66 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

67. In response to the allegations set forth in paragraph 67 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

68. Paragraph 68 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

69. Paragraph 69 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

70. Paragraph 70 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

71. In response to the allegations set forth in paragraph 71 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the amended complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the amended complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the amended complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the amended complaint.

76. In response to the allegations set forth in paragraph 76 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the amended complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the amended complaint.

79. Paragraph 79 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

80. Paragraph 80 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

81. In response to the allegations set forth in paragraph 81 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the amended complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the amended complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the amended complaint.

85. In response to the allegations set forth in paragraph 85 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86. Paragraph 86 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

87. Paragraph 87 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

88. Paragraph 88 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

89. In response to the allegations set forth in paragraph 89 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

90. Paragraph 90 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

91. Paragraph 91 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

92. Paragraph 92 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

93. In response to the allegations set forth in paragraph 93 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94. Paragraph 94 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

95. Paragraph 95 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

96. Paragraph 96 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

97. Paragraph 97 of the amended complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

98. In response to the allegations set forth in paragraph 98 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

99. Denies the allegations set forth in paragraph 99 of the amended complaint.

100. Denies the allegations set forth in paragraph 100 of the amended complaint.

101. Denies the allegations set forth in paragraph 101 of the amended complaint.

102. Denies the allegations set forth in paragraph 102 of the amended complaint.

103. Denies the allegations set forth in paragraph 103 of the amended complaint.

104. Denies the allegations set forth in paragraph 104 of the amended complaint.

105. Denies the allegations set forth in paragraph 105 of the amended complaint.

106. Denies the allegations set forth in paragraph 106 of the amended complaint.

107. Denies the allegations set forth in paragraph 107 of the amended complaint.

108. Denies the allegations set forth in paragraph 108 of the amended complaint.

109. Denies the allegations set forth in paragraph 109 of the amended complaint.

110. Denies the allegations set forth in paragraph 110 of the amended complaint and all subparts thereof.

111. Denies the allegations set forth in paragraph 111 of the amended complaint.

112. In response to the allegations set forth in paragraph 112 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the amended complaint, except admits, upon information and belief, that a document purporting to be a Notice of Claim was received by the Office of the New York City Comptroller.

114. Denies the allegations set forth in paragraph 114 of the amended complaint, except admits, upon information and belief, that the matter has not been settled or otherwise adjusted.

115. Denies the allegations set forth in paragraph 115 of the amended complaint, except admits that, upon information and belief, on or about October 15, 2020, Plaintiffs appeared for hearings pursuant to General Municipal Law § 50-h.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the amended complaint.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the amended complaint.

118. Paragraph 118 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

119. Paragraph 119 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

120. In response to the allegations set forth in paragraph 120 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

121. Denies the allegations set forth in paragraph 121 of the amended complaint.

122. Denies the allegations set forth in paragraph 122 of the amended complaint.

123. Denies the allegations set forth in paragraph 123 of the amended complaint.

124. In response to the allegations set forth in paragraph 124 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

125. Paragraph 125 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

126. Paragraph 126 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

127. Paragraph 127 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

128. Paragraph 128 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

129. In response to the allegations set forth in paragraph 129 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

130. Paragraph 130 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

131. Paragraph 131 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

132. In response to the allegations set forth in paragraph 132 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

133. Paragraph 133 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

134. Paragraph 134 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

135. Paragraph 135 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

136. In response to the allegations set forth in paragraph 136 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

137. Paragraph 137 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

138. Paragraph 138 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

139. Paragraph 139 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

140. Paragraph 140 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

141. Paragraph 141 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

142. In response to the allegations set forth in paragraph 142 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

143. Paragraph 143 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

144. Paragraph 144 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

145. Paragraph 145 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

146. Paragraph 146 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

147. Paragraph 147 of the amended complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

148. In response to the allegations set forth in paragraph 148 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

149. Denies the allegations set forth in paragraph 149 of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant MTA.

150. Denies the allegations set forth in paragraph 150 of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant MTA.

151. In response to the allegations set forth in paragraph 151 of the amended complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

152. Denies the allegations set forth in paragraph 152 of the amended complaint.

153. Denies the allegations set forth in paragraph 153 of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

154. The amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

155. Defendant City of New York has not violated ay right, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political division thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

156. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of Defendant City of New York.

## FOURTH AFFIRMATIVE DEFENSE

157. There was probable cause for Plaintiffs' arrest, detention, and prosecution.

## FIFTH AFFIRMATIVE DEFENSE

158. Punitive damages cannot be assessed against Defendant City of New York.

**SIXTH AFFIRMATIVE DEFENSE**

159. Plaintiffs provoked or were at fault for any alleged incident.

**SEVENTH AFFIRMATIVE DEFENSE**

160. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE**

161. Plaintiffs failed to state a viable claim under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

**NINTH AFFIRMATIVE DEFENSE**

162. Plaintiffs may have failed to mitigate their damages.

**TENTH AFFIRMATIVE DEFENSE**

163. To the extent that the amended complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h, and/or 50-i.

**ELEVENTH AFFIRMATIVE DEFENSE**

164. To the extent that the amended complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

165. The amended complaint fails to allege the personal involvement of any NYPD officer.

**WHEREFORE**, Defendant City of New York demands judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 15, 2021

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-2360
qwilliam@law.nyc.gov

*Qiana Smith-Williams*
Qiana Smith-Williams[1]
*Senior Counsel*

cc:   All Counsel of Record (VIA ECF)

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who is admitted to the New York State Bar, but presently seeking admission to the Eastern and Southern Districts of New York. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.