UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DALAEJA FOREMAN AND BRYANT ARACENA,

                                       Plaintiffs,

                    -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
MTA P.O. RYAN MCHALE, MTA P.O. JOSEPH
CASALE, MTA P.O. CONOR DOHERTY, MTA LT.
CARL SULLIVAN, MTA SGT. RYAN BURDI, MTA
CAPT. ADAM PERRAULT, THE CITY OF NEW YORK,
AND NYPD P.O.S JOHN AND JANE DOES #1-10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),

                                   Defendants.
------------------------------------------------------------------------ X

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

21-CV-3774 (NRB)

          **WHEREAS**, the parties herein intend to seek and/or produce certain documents or authorizations for the release of certain documents pursuant to Federal Rule of Civil Procedure 26 that they deem to be confidential or otherwise inappropriate for public disclosure; and

          **WHEREAS**, the parties object to the production of those documents or authorizations unless appropriate protection for their confidentiality is assured;

          **WHEREAS**, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

          **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the parties, as follows:

          1.     As used herein, "Action" shall mean the pending action between plaintiffs and defendants, captioned *Dalaeja Foreman and Bryant Aracena v. Metropolitan Transportation Authority, et al.*, 21-CV-3774 (NRB), filed in the Southern District of New York.

2.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

3.      As used herein and without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(a)     New York City Police Department ("NYPD") or Metropolitan Transportation Authority Police Department ("MTAPD") personnel records;

(b)     Plaintiffs' medical records;

(c)     Contact information for non-party civilian individuals and/or civilian witnesses;

(d)     NYPD or MTAPD training materials, including but not limited to NYPD or MTAPD Patrol Guidelines that are not otherwise publicly available;

(e)     NYPD or MTAPD generated list of plaintiffs' prior arrests ("rap sheet") by date of arrest, charge(s), and disposition, to the extent and only to the extent that such arrests are sealed or not otherwise publicly available; and

(f)     other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent they are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

4.      The documents and information as defined in Paragraph 3 hereof shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by a party hereto from sources other than the other party; (b) obtained by a party pursuant to FOIL[1]; or (c) are otherwise publicly available.  Notwithstanding this provision, the parties agree to reserve — for resolution at a later time by the parties or by the Court — the issue of whether NYPD and MTAPD disciplinary-related records and records of investigations regarding the conduct of

---

[1] To the extent that plaintiffs have obtained or obtain documents pursuant to FOIL, production of such documents must be made to defendants pursuant to Rule 26 and should be clearly labeled as having been obtained via FOIL.

Members of Service of the NYPD or the MTAPD conducted by the NYPD, the MTAPD, the Civilian Complaint Review Board, or other agencies are Confidential Materials.

5.      A Producing Party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such document by Bates Numbers in a writing directed to the Receiving Party's counsel.  The Parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third-parties.

6.      The Receiving Party's counsel shall keep confidential for "attorney's eyes only" addresses, telephone numbers, social security numbers, dates of birth and other identifying personal information of witnesses, to the extent such information is provided to the Receiving Party's attorney.  Under no circumstances shall this information be disclosed to either of the plaintiffs, plaintiffs' family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

7.      Any documents produced by a non-party pursuant to a subpoena in this Action and that are in good faith designated by a party as "Confidential Materials" shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

8.      The Parties reserve the right to designate in good faith any document as Confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such document to the opposing party.

9.      Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information

contained therein, or of a party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10.     If a Receiving Party objects to the designation of particular documents as "Confidential Materials," the Receiving Party shall state such objection in writing to the Producing Party, and the parties shall endeavor in good faith to resolve such objection.  If such objection cannot be resolved, then, within fifteen (15) days of the Receiving Party's written objection, the Producing Party shall seek judicial intervention.  Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11.     A Receiving Party shall not use the Confidential Materials for any purpose other than for the preparation or presentation of its case in the Action.

12.     Counsel for any party shall not disclose to any person not a member of the staff of her or its law firm, except under the following conditions:

    a.    Disclosure may be made only if necessary for the purpose of preparing or presenting a Party's case in the Action, to those individuals described in the subparagraphs below.

    b.    Disclosure may also be made to an expert, investigator, or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c.    Should plaintiffs' attorney, as a solo practitioner, decide that a second opinion is necessary to the preparation or presentation of plaintiffs' case in this action, disclosure may be made only to one other attorney for legal consultation.  Any disclosure of Confidential Materials shall be limited solely to what is necessary for the other attorney to render the second opinion.  *See DeShawn Gaddy v. City of New York, et al.*, 17-CV-08960 (NRB), S.D.N.Y., docket entry no. 33, at paragraph 11(c).

d. Defendant City of New York's attorneys may also disclose the Confidential Materials to the NYPD, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

e. Before any disclosure is made to a person listed in subparagraph (b) or (c) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as "Exhibit A," not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to further disclose the Confidential Materials, except in testimony taken in the Action. The attorney for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a signed consent before it is produced. Notwithstanding the provisions herein, nothing in this Stipulation of Confidentiality and Protective Order shall be construed to require the parties' attorneys to disclose documents which constitute attorney work product, including consents signed by experts that may have been retained but whom a party's attorney elects not to use or rely upon.

f. Disclosure of medical records deemed "Confidential Materials" may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

13. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed Confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked it as "Confidential Information Governed by Stipulation of Confidentiality and Protective Order." Such portion of the transcript shall be deemed "Confidential Materials" within the meaning of this Stipulation of Confidentiality and Protective Order.

14. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No papers incorporating or revealing the contents of Confidential Materials shall be filed under seal unless the Court has issued an Order

approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. If no such rules are applicable to the filing and the Court grants permission for filing under seal, the filing shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## **CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a Judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

15.     Where the confidential information is not material to the issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential, and/or identifying information would be sufficient to protect the interest of the parties or non-parties, the party making the submission may file redacted documents without further Order of the Court.

16.     Notwithstanding the provisions of this Stipulation of Confidentiality and Protective Order, if a party, a party's attorney, or anyone on behalf of a party makes public representations (outside the proceedings of this Action), the substance of which contains Confidential Materials, the other party's attorneys may disclose certain Confidential Materials to specifically rebut such representations. Such Confidential Materials must be specific to the rebuttal of the representation made by the disclosing party, its attorney or representative.

17.     Nothing in this Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.   All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.   Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval and upon sufficient notice to the Producing Party.

19.     The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.   Additionally, the Court reserves the right, in its sole discretion, to modify this Order at any time.

20.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

21.     The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

22.     Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its Confidential Materials in any manner.

Dated:          December **15**, 2021
                New York, New York

| | | |
|---|---|---|
| ROSE M. WEBER<br>30 Vesey Street, Suite 1801<br>New York, NY 10007<br>(917) 415-5363<br><br><br>By:<br><br>_Rose M. Weber_<br>Rose M. Weber<br>*Attorney for Plaintiffs* | JEFFREY F. FRANK<br>New York City Law<br>  Department<br>100 Church Street<br>New York, NY 10007<br>(212) 356-3541<br><br>By: _Jeffrey Frank_<br>Jeffrey Frank<br>*Attorney for Defendant*<br>*City of New York* | HELENE R. HECHTKOPF<br>Hoguet, Newman, Regal &<br>  Kenney, LLP<br>1 Grand Central Place<br>60 E. 42nd Street, 48th Floor<br>New York, NY 10165<br>(212) 689-8808<br><br>By: _H. H._<br>Helene Hechtkopf<br>*Attorney for M.T.A.*<br>*Defendants* |

SO ORDERED:      _____
                 HONORABLE NAOMI REICE BUCHWALD
                 UNITED STATES DISTRICT JUDGE

DATE:            _____

- 8 -

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that s/he/they has read the Stipulation of Confidentiality and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Dalaeja Foreman and Bryant Aracena v. Metropolitan Transportation Authority, et al.*, 21-CV-3774 (NRB), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with this case and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation